34 F.3d 1073
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
SIERRA CLUB LEGAL DEFENSE FUND, a non-profit corporation;
Rest The West, a non-profit Corporation,
Plaintiffs-Appellants,
v.
D. Dean BIBLES, in his Official Capacity as Oregon State
Director of the Bureau of Land Management; Bureau of Land
Management, an Agency of the United States; Department of
the Interior, an Agency of the United States, Defendants-Appellees.
 No. 93-35383.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 4, 1994.
Decided Aug. 29, 1994.
 
 Before: ALARCON, BEEZER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We review the district court decision, insofar as it interprets the fee statute, de novo. McCllellan Ecological Seepage Situation v. Carlucci, 835 F.2d 1282, 1284 (9th Cir.1987). Although the district court decided that the fee waiver for copying costs was unavailable as a matter of law because of reading room availability, the agency itself gave additional, particularized reasons for the denial. We therefore need not reach the legal issue of whether reading room availability and nothing else would prevent a copying fee waiver as a matter of law.
 
 
 3
 The record shows that the Bureau of Land Management had a sound basis for its denials. In ruling upon Sierra Club's appeal of the Bureau's denial of a waiver for the $153.08 copying charge, the Office of the Solicitor wrote a four page single spaced letter, not boilerplate. In addition to setting out availability in the reading rooms, the Solicitor pointed out the following:
 
 
 4
 Numerous entities have participated in the ESA [Endangered Species Act] exemption process, including the SCLDF, which represented several intervenors at the fact finding hearing. Each of these entities had access to the exemption application and the administrative record. The exemption application process generated extensive coverage in both the local and national media....
 
 
 5
 Mr. Stahl did not explain how his organization's efforts would add to the vast amount of knowledge already disseminated to the public....
 
 
 6
 For these particularized reasons, the Solicitor concluded that the Sierra Club request would not "contribute significantly to public understanding of the operations and activities of the government." 5 U.S.C. Sec. 552(a)(4)(A)(iii) (1988).
 
 
 7
 In the September 1992 denial, the Director of the Office of Management Improvement cited the availability of the materials at each district office and the Oregon State Office, and attached the Solicitor's four page single spaced opinion explaining that the material was available in public reading rooms in ten offices throughout Oregon and Washington, and "at least some of the ten BLM offices are within reasonable proximity to where the requester is located."
 
 
 8
 For the third request, the Acting Director denied the appeal, because the documents were publicly available at the Department's offices in Portland and in Washington, D.C., and also in 473 federal depositary libraries. Also, the process had received extensive media coverage already, and "[y]ou did not explain how your organization's efforts would add to the vast amount of knowledge already disseminated."
 
 
 9
 In none of the applications did Sierra Club provide any details to show that "disclosure is in the public interest because it is likely to contribute significantly to public understanding...." 5 U.S.C. Sec. 552(a)(4)(A)(iii) (emphasis added). Instead, Sierra Club had a boiler plate sentence in each appeal saying that "The Sierra Club legal defense fund ("SCLDF") is a non-profit environmental law firm that represents hundreds of environmental organizations including millions of members in public interest litigation to enforce the nation's environmental laws," (emphasis added), and that it would use the materials to educate the public and litigate. Saying that Sierra Club is in the public interest is not the same thing as saying disclosure without copying fees is likely to contribute to public understanding. Sierra Club made no showing as required by the statute, and the Department properly rejected its appeals. The fact that it considers itself a public interest law firm does not suffice to entitle it to copies at taxpayer expense of documents for which others would have to pay. Sierra Club offered no particularized explanation of how its work would add anything to "public understanding" in light of the vast amount of material already disseminated and publicized.
 
 
 10
 We do not reach the question of whether the reading room policy is contrary to law. The claim for injunctive relief is moot, because the policy has been changed. This claim for a $790 fee waiver, which Sierra Club has found the time and resources to litigate through the administrative process and in this court with 74 pages of briefing, was properly denied for particularized reasons in addition to the reading room policy.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3. The parties are familiar with the facts, and we will not restate them here